(139 So. 8)

Succession of ROGER.

No. 31057.

Jan. 4, 1932.

Dubuisson & Dubuisson, of Opelousas, for appellants.

Dudley L. Guilbeau, of Opelousas, for appellee.

O'NIELL, C. J.

The only matter in contest here is the amount of an attorney's fee for having probated a will, by which the testatrix distributed an estate valued at $70,744.53. The attorney sent the executors a bill for $1,000, including his fee for advice given to the testatrix in the making of the will; but the executors allowed the attorney only $250 on their final account. On trial of the attorney's opposition to the account, the district judge increased the allowance to $750. The executors have appealed. They cite the case of Dorsey v. His Creditors, 5 Mart. (N. S.) 399, where the court allowed an attorney a fee of only $250 for filing a petition for the calling of a meeting of creditors to vote upon the proposition to discharge an insolvent debtor. Aside from the fact that the estate which had to bear the burden in that instance was insolvent, we must have respect for the age of the decision. It was rendered in 1826—105 years ago. Tempora mutantur et nos mutamur in illis. Lawyers, like men of other professions and callings, charge more—and need more—now than they did a century ago. Dorsey v. His Creditors remains as authority for the proposition merely that, in the fixing of attorneys' fees, the courts are not compelled to accept at their face value the estimates given by the lawyers who testify in the case, but should use, in some measure, their own knowledge of the value of the service rendered. The fee allowed by the district judge in this instance is exactly what the fee bill of the bar association of his judicial district allows on the basis of an estate worth $70,000; and, considering the responsibility assumed in the rendering of such services, we do not find the fee excessive.

The judgment is affirmed.